# Richmond.

## PARRISH v. PARRISH.

### January 6th, 1892.

1. DOWER—*Buildings—Metes and bounds.*—Common-law rule is that dower must be assigned by metes and bounds. But where the thing is entire, as a house, widow may be endowed of so many rooms; in which case passages and stairways may be enjoyed jointly with others.
2. IDEM—*Assignment in common.*—Where husband held lands as tenant in common or (now that the *jus accrescendi* is abolished) as joint tenant, dower may be assigned widow in common with others.
3. IDEM—*Partnership land.*—Lands bought with partnership funds for partnership purposes is so far considered as personalty that widow of deceased partner is not entitled to dower therein.
4. APPELLATE PRACTICE.—Objection that order confirming assignment of dower does not appear to have been made at instance of heir or devisee comes too late when made for first time in this court.

Error to judgment of the county court of Cumberland county, rendered on the 28th day of January, 1889, in a proceeding to assign dower to the appellant, Nannie J. Parrish, widow of Thomas J. Parrish, deceased. The proceeding was commenced by C. C. Parrish, on whose motion commissioners were appointed to assign dower, who duly acted, and returned their report to the court.

From this report it appears that there were a number of parcels of land owned by the deceased husband, or in which he had an interest, among them being a lot with certain buildings thereon, including the mansion house, at Flanagan's mill; also a tobacco warehouse, at Cartersville, of which he died seised in common; and another lot at the same place, which was the

property of the firm of Parrish & Kie, of which firm the husband was a member; all situate in Cumberland county.

As to these three parcels the commissioners report as follows:

" We, the undersigned commissioners, do hereby assign to the widow for her dower all the lot at Flanagan's mill and the buildings thereon, except the store-house room in the mansion-house, the cellar beneath the store-room, and the room adjoining the store-house room, with the use of the passage to the same. And we also assign to her one-third for life of two shares of the tobacco warehouse at Cartersville, and one-third part in value for life of any estate the said Thomas J. Parrish, deceased, may have as his individual share in the lot held in Cartersville as the partnership property of Parrish & Kie as may survive the liabilities of said partnership."

It appears from the evidence that the mansion-house contains three floors, including the cellar floor; that on the second floor is a store-room, wherein a mercantile business is conducted, and also a parlor and bed-room. On the third or upper floor are two rooms over the store-room, and several other rooms besides, which are reached by a stairway ascending from a passage on the second floor.

The appellant excepted to the report on the following grounds, viz.: (1) Because the metes and bounds of the property assigned her had not been properly defined; (2) because the heirs-at-law were allowed to occupy rooms in the mansion-house below and also above those assigned to her; (3) because she was not given the exclusive right to the passage; (4) because the Cartersville property had not been divided at all.

The exceptions, however, were overruled, and the report was confirmed. The appellant then applied to the judge of the circuit court for a writ of error, which was refused, whereupon a writ of error was awarded by one of the judges of this court.

*Wm. M. Flanagan*, for plaintiff in error.

*No counsel* for defendants in error.

Lewis, P., delivered the opinion of the court.

1. There is no evidence tending to show that the assignment of dower, as respects the mansion-house, is not fair and proper, and in the absence of such evidence we must presume the action of the commissioners in that regard was rightly confirmed by the county court. The general rule at common law is that the assignment of dower must be by metes and bounds; but to this rule there are exceptions, one of which is that when the thing is entire, as a house, the assignment may be of so many rooms, and not a third part of it, in which case it is usually essential to the beneficial enjoyment of the property that passages, stairways, etc., be assigned to be used by the widow conjointly with others. 1 Rop. Husb. & Wife, 396; *Simmons* v. *Lyles*, 27 Gratt. 922.

2. Another exception to the rule is that when from the nature of the husband's interest in the property there can be no assignment in severalty, an assignment by metes and bounds will of necessity be dispensed with; as where lands are held in common, in which case the dower interest is assigned to be held in common with the other tenants. Co. Litt. 32 b; 4 Kent. Comm. 64. And the same is now true with respect to lands held by the husband as a joint tenant, the *jus accrescendi* having been abolished in Virginia by statute, except as to estates held jointly by executors or trustees, or where otherwise provided in the instrument creating the estate. Code, §§ 2430, 2431; 1 Washb. Real Prop. 157.

In the present case, although the fact does not distinctly appear from the record, yet the fair inference is that the husband was seised of the tobacco warehouse at Cartersville, either as a joint tenant or as a tenant in common, and in either case the assignment of dower therein in common, of which the appellant complains, was right. And in regard to the part-

nership lot, as it is called, there is nothing to show that she is entitled to dower at all, since it is settled law in Virginia, as it is in England, that real estate purchased with partnership funds for partnership purposes is so far considered as personalty as not to be subject to dower or curtesy in favor of the consort of a deceased partner.   2 Min. Insts. (3d ed.), marg. p. 121; *Pierce* v. *Trigg,* 10 Leigh, 406.

Here, from the general description of the lot in the report as "partnership property," the presumption is that it was purchased with partnership funds, and held for partnership purposes; and if it was, then the commissioners erred in respect to it in the appellant's favor.   No exception to the report, however, was taken by the appellees in the court below, nor are they objecting to it in this court.

3. It is also assigned as error that it does not affirmatively appear from the record that C. C. Parrish, on whose motion commissioners were appointed, was an heir or devisee of the decedent; and upon this ground it is contended that the proceeding cannot be maintained, inasmuch as the statute, now carried into section 2275 of the Code, authorizes such a proceeding only at the instance of one or more of the heirs or devisees of the deceased husband.   This objection, however, not having been made in the court below, and being in the nature of a dilatory plea, comes too late.   It cannot be raised for the first time in the appellate court.

JUDGMENT AFFIRMED.